UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Amber Boardman,

    Plaintiff,

    v.

The Ohio State University, *et al.*,

    Defendants.

Case No. 2:23-cv-3566

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Amber Boardman ("Plaintiff"), proceeding pro se, sues The Ohio State University ("OSU"), Terra Branstool, Nadia Haque, Katherine Lasher, Molly Peirano, and Allan Williams in this sex discrimination case alleging violations of 42 U.S.C. § 1983, Title IX, and state law. Compl., ECF No. 6. OSU moves to dismiss Plaintiff's breach-of-contract claim based on sovereign immunity. Mot. Dismiss, ECF No. 23. For the following reasons, the Court **GRANTS** OSU's motion.

### I. FACTS

Plaintiff alleges the following. At all relevant times, Plaintiff was employed as a research assistant at OSU. Compl. ¶ 5, ECF No. 6. She began dating another research assistant ("Hassan") who worked in the same laboratory. *Id.* ¶¶ 14–16. Toward the end of the relationship, Hassan became abusive, and, on one instance, he put Plaintiff in a chokehold and wrestled her to the ground—in the lab, after she broke up with him—to prevent her from leaving the lab. *Id.*

¶ 18. Trying to escape, Plaintiff bit Hassan's arm; she got away but tore her MCL in the process. *Id.*

When Plaintiff reported the incident to the Columbus Division of Police, they directed her to instead report it to campus police, which she did. *Id.* ¶¶ 20–23. Campus police used a draft incident report, which redacted Plaintiff's entire statement and lacked medical documentation of her torn MCL, to initiate a Title IX report that named Plaintiff as the assailant and Hassan as the victim. *Id.* ¶¶ 24–25.

OSU's Title IX office investigated the incident pursuant to the standards it applies to employee incidents, rather than student incidents, because both Plaintiff and Hassan were research assistants (and students). *Id.* ¶ 26. Eventually, both Plaintiff and Hassan were found guilty of relationship violence and were terminated from their research assistant positions. *Id.* ¶¶ 48–49.

OSU's Title IX office then launched a second investigation against both Hassan and Plaintiff, in their capacities as students. *Id.* ¶ 52. Both were eventually found not guilty of relationship violence. *Id.* ¶ 63.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject-matter jurisdiction. Without subject-matter jurisdiction, a federal court lacks authority to hear a case. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017).

Motions to dismiss for lack of subject-matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The instant motion involves a facial attack, which "is a challenge to the sufficiency of the pleading itself," and the trial court therefore takes the allegations of the complaint as true. *Id.* To survive a facial attack, the complaint must contain a "short and plain statement of the grounds" for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (internal quotation marks and citations omitted).

### III. ANALYSIS

Plaintiff sues OSU under Title IX and for breach of contract. *See generally*, Compl., ECF No. 6. OSU challenges this Court's jurisdiction only as to the breach-of-contract claim, arguing it is entitled to sovereign immunity on that claim. Mot. Dismiss, ECF No. 23.

Discounting claims and theories not alleged in the Complaint, Plaintiff's response largely reiterates her belief as to why each defendant is liable.[1] *See generally*, Resp., ECF No. 27. As to OSU's Eleventh Amendment argument,

---

[1] To the extent Plaintiff attempts to add claims through her response brief, *see id.* at 7–8, she may not do so. *Cf. Knowles v. Chase Home Fin., LLC*, No. 111CV01051JDBEGB, 2012 WL 13018539, at *9 (W.D. Tenn. Aug. 2, 2012) ("A party may not amend its complaint by submitting additional allegations in response to a Rule 12(b)(6) motion to dismiss." (collecting cases)). Accordingly, the Court analyzes the only breach of contract claim alleged in the Complaint—that OSU breached a contract between it and Plaintiff. Compl. ¶ 117, ECF No. 6 ("OSU's policies regarding its grievance procedures and code of conduct constitute a contract between student and institution.").

Plaintiff attempts to distinguish her case from the principal case on which OSU relies: *McCormick v. Miami University*, 693 F.3d 654 (6th Cir. 2012). *Id.* at 9–10. Plaintiff also argues that immunity is not warranted because she seeks injunctive relief and because her contract claim sounds in Title IX, not state law. *Id.* at 10–11.

For the following reasons, the Court lacks jurisdiction over Plaintiff's breach-of-contract claim against OSU.

First, there is no recognized breach-of-contract theory under Title IX. *Cf. Doe v. Univ. of Dayton*, 766 F. App'x 275, 280 (6th Cir. 2019) (listing the five recognized theories of liability under Title IX). As such, Plaintiff's breach-of-contract claim is analyzed as being brought under Ohio law; it will not be analyzed as a separate theory of Title IX liability.

Second, the Eleventh Amendment bars Plaintiff from pursuing the state-law claim against OSU in this Court.

The Eleventh Amendment to the United States Constitution states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State[.]" U.S. Const. Amend. XI. It also applies to suits against a state by citizens of that state. *Thomson v. Ohio State Univ. Hosp.*, 238 F.3d 424, at *1 n.2 (6th Cir. Nov. 8, 2000) (citation omitted).

OSU is an arm of the State of Ohio, and suits against OSU are therefore treated like suits against the State of Ohio. *Thomson*, 238 F.3d 424, at *1 n.3 ("Both the University and its Hospital are divisions of the state of Ohio for Eleventh Amendment purposes." (citations omitted)). Because "Congress has not abrogated the Eleventh Amendment for state law claims," and Ohio has not waived sovereign immunity for such claims, the Court lacks jurisdiction over Plaintiff's breach-of-contract claim against OSU. *E.g.*, *McCormick*, 693 F.3d at 664 (6th Cir. 2012). This is true even if Plaintiff seeks prospective, injunctive relief from OSU. *Id.* at 661 (citation omitted).

## IV.  CONCLUSION

The Court lacks jurisdiction over Plaintiff's state-law breach-of-contract claim against OSU. That claim is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate ECF No. 23.

For clarity, the Court construes Plaintiff's Complaint as asserting Title IX damages claims against only OSU and as asserting § 1983 damages and injunctive relief claims against only the individual defendants, in their individual capacities. To the extent Plaintiff intends to seek leave to amend, the deadline for doing so is March 30, 2024. *See* Preliminary Pretrial Order, ECF No. 13.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**