IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AMBER BOARDMAN,**

    **Plaintiff,**

                                      **Civil Action 2:23-cv-3566**
                                      **Judge Michael H. Watson**
    v.                              **Magistrate Judge Elizabeth P. Deavers**

**THE OHIO STATE UNIVERSITY**
*et al.*,

    **Defendants.**

## OPINION AND ORDER

By Preliminary Pretrial Order dated January 9, 2024, the Court established a deadline of January 30, 2024, for the parties' submission of any proposed protective order or clawback agreement. (ECF No. 13.) On January 30, 2024, Defendants filed a Motion for Entry of Protective Order, explaining the circumstances of the parties' inability to work out the terms of the order in time for filing by the Court-established deadline. (ECF No. 20.) On that same date, Plaintiff filed a four-page document titled as "Plaintiff's Motion for a Protective Order, Incorporating Request to Proceed Under a Pseudonym and Motion to Strike." (ECF No. 21.) In that filing, Plaintiff stated, "[d]ue to extenuating circumstances, Plaintiff shall submit additional arguments and clarifying information after midnight but prior to the next business day. (*Id*. at 4.)

Contrary to her representations, Plaintiff did not make any further filing until six days later on February 5, 2024. Plaintiff titled her later filing as "Plaintiff's Amended Motion for Entry of a Protective Order, Incorporating Request to Proceed Under a Pseudonym and Motion

to Strike." (ECF No. 22.) On February 14, 2024, Defendants filed a response in opposition to Plaintiff's amended motion. (ECF No. 25.) On February 28, 2024, Plaintiff filed a reply in support of her motion for protective order. (ECF No. 28.)

Accordingly, the Court considers the matter of a protective order to be fully briefed with competing proposed orders now before it for consideration. For the following reasons, the Court is inclined to grant Defendants' motion (ECF No. 20). Nevertheless, before the Court will enter Defendants' proposed protective order, it will direct the parties to meet and confer one additional time in an effort to submit an agreed version of the protective order. Accordingly, Plaintiff's amended motion (ECF No. 22) is **DENIED** to the extent that it seeks entry of Plaintiff's proposed protective order, which, as Plaintiff explains, is "intended to supplement and not replace the protective order proposed by Defendant." (ECF No. 22 at 6.) Any agreed protective order shall be filed within **THIRTY DAYS OF THE DATE OF THIS ORDER**. If no agreed protective order is submitted to the Court, on the **THIRTY-FIRST DAY**, the Court will enter Defendants' proposed protective order without Plaintiff's proposed supplementation. The remainder of Plaintiff's motions are further resolved as explained below.

Initially, in her amended motion, Plaintiff states that she "presents this Amended Protective Order" as the "complete version of her First Motion for Protective Order." (ECF No. 22 at 16.) She "retroactive[ly]" seeks an extension of time for the filing and requests that "the first version be struck from the record." (*Id*.) Plaintiff's amended motion (ECF No. 22) is **GRANTED** to the extent that the Court considers it to be timely filed and **DIRECTS** the Clerk to strike ECF No. 21. The Court now turns to the issue of the proposed protective orders.

2

## I.

Rule 26(c) of the Federal Rules of Civil Procedure allows courts to enter protective orders upon a showing of good cause. Fed. R. Civ. P. 26(c).  Specifically, the Court may issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26.  Courts routinely enter protective orders to govern discovery in cases as long as they are not violative of Rule 26(c) and the Sixth Circuit has recognized the practical use of such orders.  *Wolpert v. Branch Banking Tr. & Co.*, No. 3:19-CV-138-TRM-DCP, 2023 WL 2824900, at *1 (E.D. Tenn. Mar. 1, 2023) (citation omitted).  Such an order, considered a blanket protective order, "'allows the parties to designate certain information as confidential without the need for the Court to review each piece of information before that designation.'"  *N.T. by & through Nelson v. Children's Hosp. Med. Ctr.,* No. 1:13CV230, 2017 WL 3314660, at *5 (S.D. Ohio Aug. 3, 2017) (quoting *Anderson v. Frye*, No. 2:05-cv-0520, 2006 U.S. Dist. LEXIS 46352, at *3 (S.D. Ohio July 7, 2006)).  To comply with Rule 26(c), a blanket protective order requires a party to designate documents "confidential" in good faith and subject to the power of other parties to challenge such designations.  *Id.* (citing *Ruiz-Bueno v. Scott*, No. 2:12-cv-0809, 2013 U.S. Dist. LEXIS 165722, at *9-10, 2013 WL 6122399 (S.D. Ohio Nov. 21, 2013)).

## II.

Turning first to Defendants' proposed protective order, they explain that it was drafted with the requirements of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, in mind.  Defendants indicate that, because student records are necessarily relevant to Plaintiff's claims, their proposed order contains a clause ordering Defendant The Ohio State University ("the University") to produce FERPA protected records in discovery.  Thus, absent this

3

provision, Defendants assert that the University would be required to track down students who may no longer be attending OSU to obtain permission to release records. Defendants further note that both Plaintiff and her boyfriend have medical records which will be relevant and those medical records should be considered confidential by the parties. Defendants contend that, without the protective order in place, document production will be unnecessarily complicated and the University may be legally unable to produce relevant education records should students not consent to their release.

Plaintiff's response is not a model of clarity. As noted above, however, it appears to propose supplemental language to Defendants' proposed protective order. Defendants provide an apt summary in stating that "it appears that Plaintiff is requesting the Court, *in addition to entering a protective order for document production,* to enter an order requiring the University to redact every single name from every document and create an elaborate system of assignment of pseudonyms for the redacted names. She appears to further request that every document in this matter be sealed from public view." (ECF No. 25 at 2.) Defendants assert that, Plaintiff's requests exceed the purpose of a protective order and are premature. The Court agrees.

Initially, the Court notes that Defendants opted not to utilize either model protective order endorsed by this Court. Nevertheless, Defendants' proposed protective order, many provisions of which are largely consistent with those model protective orders, accomplishes the objectives of FERPA and the medical privacy statutes at issue in this case. Plaintiff's proposed supplementation compelling the University to redact every single name from every single document and create an elaborate pseudonym system for the parties to track the identity of witnesses is simply unworkable and at odds with the purpose of a protective order. That is, the very purpose of a protective order is to shield information from public view during the discovery process. *See, e.g., Ruiz-Bueno v. Scott*, No. 2:12-cv-0809, 2013 WL 6122399, at *2 (S.D. Ohio Nov. 21, 2013) (noting that protective orders are "the typical way for parties to handle the

production of any type of . . . [sensitive] information."). Indeed, to avoid disputes regarding production, it is "typical" for parties to use protective orders in order to move discovery along. *Smith v. FirstEnergy Corp.*, No. 2:20-CV-3755, 2021 WL 1940234, at *3 (S.D. Ohio May 14, 2021) (citing *id.*).

Further, the focus of Plaintiff's language appears to be her desire to prevent the inclusion of certain information on the public record. To this extent, Plaintiff's request is premature. As the Sixth Circuit has discussed "there is a stark difference between" sealing court records, and protective orders under Rule 26(c). *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). That is, "'[a]t the adjudication stage … very different considerations apply.'" *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). Upon filing with the Court, "[u]nlike information merely exchanged between the parties, "'[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Thus, at the appropriate time, *i.e.,* when a party seeks to file protected information on the public record, if Plaintiff wishes to move the Court for redaction of, or sealing of, a particular document, she will be free to do so within the confines of this controlling authority. At this stage, however, and for purposes of discovery, the Court will not consider Plaintiff's requested blanket redaction of every name in every document, followed by the outright sealing of *all records*.

Additionally, the Court notes that it is unclear whether Plaintiff's request to proceed pseudonymously is simply an extension of her argument supporting her proposed protective

order or whether she mistakenly believes her untimely request will prevent the release of her identity on the public record. To the extent it may be the latter,[1] Plaintiff voluntarily initiated this action using her own name. (*See* ECF Nos.1, 1-1, 1-3, 1-4.) She has continued to voluntarily identify herself by name on the public record of this Court (*see* ECF Nos. 10, 12), including in her subject motions which were not filed until roughly three months after she initiated this action using her own name. (ECF Nos. 21, 22.) Indeed, even after moving to proceed pseudonymously, Plaintiff recently filed a proposed Amended Complaint,[2] again voluntarily identifying herself by name and including her street address, phone number and email address. (ECF No. 32.) Thus, Plaintiff has waived any right to proceed pseudonymously by voluntarily and repeatedly disclosing her name in the public record of this Court and allowing that status to persist for roughly three months before taking any action to protect her identity.

Moreover, as a rule, actions must be prosecuted in the name of the real party in interest, Fed. R. Civ. P. 17(a)(1), and a complaint must state the names of the parties. Fed. R. Civ. P. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (referring to Fed. R. Civ. P. 10(a)). That is, "proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin County, Ohio*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013) (citation omitted). Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court but should be permitted

---

[1] For example, Plaintiff states: "For any individuals granted leave to proceed under a pseudonym, this Court shall retroactively strike any previous mentions of their names that have appeared in the docket for this case prior to this determination, **including the case caption**, document titles, document content, and any residual digital footprints (*e.g.* "SEO" data) associated with the electronic docket and within the Court's control." (ECF No. 22 ¶ 7) (emphasis added).

[2] Plaintiff's proposed Amended Complaint currently is the subject of a pending motion to strike. (ECF No. 33.)

6

only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Here, Plaintiff appears to contend that she should be permitted to proceed pseudonymously for two primary reasons: her allegations of sexual assault and the need to stem reputational damage. Neither reason is persuasive here

Of course, as Plaintiff notes, courts have recognized that allegations of sexual assault are highly personal. Nevertheless, courts frequently "have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym.'" *Doe v. Lee*, No. 3:22-CV-00569, 2023 WL 2587790, at *5 (M.D. Tenn. Mar. 21, 2023) (quoting *Doe v. Fedex Ground Package Sys., Inc.*, No. 3:21-CV-00395, 2021 WL 5041286, at *7 (M.D. Tenn. Oct. 29, 2021)). That is, "intimacy and privacy concerns are only one factor in the analysis and there must usually be some further purpose for protecting the plaintiff's identity." *Doe v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:23-CV-00736, 2023 WL 6211372, at *2 (M.D. Tenn. Sept. 25, 2023) (quoting *Doe v. Webster County*, Civil Action No. 4:21-cv-0093-JHM, 2022 WL 124678, at *3 (W.D. Ky. Jan. 12, 2022)). Thus, "while it is true that the public generally has an interest in protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, 'it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature." *Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *8 (M.D. Tenn. June 28, 2021) (quoting *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 1738349, at *8 (S.D.N.Y. May 3, 2021)).

Indeed, "other types of protective orders, such as those requiring that documents containing sensitive information be sealed or redacted, may be appropriate as an alternative to permitting a litigant to proceed anonymously." *Ramsbottom*, 2021 WL 2651188, *3. Plaintiff has failed to demonstrate that such alternative measures, as under consideration here, do not address any of her concerns regarding the revelation of potentially intimate information. The same can be said of Plaintiff's claim of potential reputational harm. Moreover, her argument on this latter point rests on nothing beyond her own speculation. Significantly, "[u]nsubstantiated fears of speculative harm are insufficient to outweigh the presumption of open judicial proceedings." *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *4 (N.D. Ohio Feb. 3, 2016) (citing *Doe v. Franklin Cnty., Ohio*, No. 2:13–cv–00503, 2013 WL 5311466, at 3 (S.D. Ohio Sept. 20, 2013)). Accordingly, plaintiff's desire to litigate this case pseudonymously based on generalized concerns of reputational harm do not "substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560.

### III.

For the reasons set forth above, Plaintiff's amended motion (ECF No. 22) is **GRANTED** to the extent that the Court considers it to be timely filed and **DIRECTS** the Clerk to strike ECF No. 21. Plaintiff's amended motion (ECF No. 22) is **DENIED** to the extent that it seeks entry of Plaintiff's proposed protective order language. The Court is inclined to grant Defendants' motion (ECF No. 20) but the parties are **DIRECTED** to meet and confer one additional time in an effort to submit an agreed version of the protective order. Any agreed protective order shall be filed within **THIRTY DAYS OF THE DATE OF THIS ORDER**. If no agreed protective order is submitted to the Court, on the **THIRTY-FIRST DAY**, the Court will enter Defendants' proposed protective order.

**IT IS SO ORDERED.**

Date:  April 4, 2024                             /s/ *Elizabeth A. Preston Deavers*
                                                                      **ELIZABETH A. PRESTON DEAVERS**
                                                                       **UNITED STATES MAGISTRATE JUDGE**